# EXHIBIT "B-2"

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: April 26, 2017 1:18 PM<br>FILING ID: 6E0845A3F20F1<br>CASE NUMBER: 2017CV31525 |
| **Plaintiff:** REESE JORDAN,<br><br>v.<br><br>**Defendants:** HOME DEPOT U.S.A., INC. | **COURT USE ONLY** |
| *Counsel for Plaintiff:*<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO  80246<br>Phone Number: (303) 333-8000<br>Fax Number:    (303) 333-8005<br>Emails:        jordan@levlawllc.com<br>               andrew@levlawllc.com<br>               sarah@levlawllc.com | Case Number:<br><br>Courtroom: |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Reese Jordan, by and through his counsel, Levine Law, L.L.C., and for his Complaint and Jury Demand against the Defendant, Home Depot U.S.A., Inc. and demands a jury trial of the following claims for relief and states, avers, and alleges as follows:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff, Reese Jordan, (hereinafter referred to as "Plaintiff" or "Plaintiff Jordan"), is an individual and at all times relevant to has a mailing address at P.O. Box 150609, Lakewood, Colorado, 80215.

2. Defendant, Home Depot U.S.A., Inc. (hereinafter "Defendant Home Depot") at all relevant times, had its principal place of business located at 5215 Wadsworth Blvd, Arvada, Colorado 80002.

3. Upon information and belief, at all times material herein Defendant Home Depot owned and/or operated a home improvement supply company who rents out its vehicles to

1

customers, at the Home Depot U.S.A., Inc. located at 5215 Wadsworth Blvd, Arvada, Colorado 80002.

4. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c) as the Defendant has offices located in the City and County of Denver, State of Colorado.

## FACTUAL STATEMENT

6. Plaintiff hereby affirms, alleges, and incorporates each and every allegation contained in Paragraphs 1 through 5 above, as if set forth verbatim herein.

7. Plaintiff was injured and sustained injuries, damages and losses, which occurred on July 10, 2015 when Plaintiff was loading a table into a vehicle that is owned by Defendant Home Depot, which was rented from the location at 5215 Wadsworth Blvd, Arvada, Colorado 80002, when he was injured when the tailgate collapsed, causing him to fall at the time of the incident.

8. Plaintiff is an employee of Habitat for Humanity Denver Metro, which is located at 3245 Eliot Street, Denver, Colorado 80211.

9. Plaintiff sustained injuries, damages and losses, which occurred on July 10, 2015, on the premises of Habitat for Humanity Denver Metro's property, caused from the tailgate of Defendant Home Depot's truck.

10. On July 10, 2015, Plaintiff was at work at Habitat for Humanity of Metro Denver located 3245 Eliot Street, Denver, Colorado, 80211, when a customer with a pickup truck rented from Defendant Home Depot required assistance in loading a table. Plaintiff while attempting to load the table into the pickup truck stepped onto the tailgate which collapsed, causing Plaintiff and the table to fall to the ground below, causing injury to Plaintiff.

11. Defendant Home Depot failed to properly maintain and/or fix the tailgate, causing an unreasonably dangerous condition.

12. The incident caused injury to Plaintiff including, but not limited to his shoulder and neck.

13. The Plaintiff was unaware of the improperly maintained and/or repaired and malfunctioning tailgate until it collapsed under him.

14. At no time prior to this incident, was the Plaintiff warned that a potentially unreasonably dangerous condition existed.

15. Defendant Home Depot, through its employees, knew or should have known of the malfunctioning tailgate, as it later appeared to have a broken hinge that was tied up with rope, prior to Plaintiff sustaining injuries. Defendant Home Depot should have been aware that the tailgate was not repaired properly and caused an unreasonably dangerous and hazardous condition.

16. Defendant Home Depot, through its representatives, agents, contractors, and/or employees failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions and this failure was the cause of Plaintiff's injuries and related damages. As stated herein, Defendant Home Depot breached said duty to the Plaintiff and Defendant is directly and vicariously liable for its actions and inactions.

17. As a direct and proximate result or substantial factor of Defendant Home Depot's actions and/or omissions, the tailgate collapsed and caused Plaintiff to fall, which had not been properly repaired, and which resulted in serious injuries to the Plaintiff.

## **FIRST CLAIM FOR RELIEF**
### (Negligence)

18. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 17 above as though fully set forth herein.

19. Defendant Home Depot failed to properly fix the tailgate and acted in a reckless, careless and negligent manner, and did so in such a fashion as to cause Plaintiff to fall, thereby causing injuries, damages and losses to the Plaintiff.

20. Defendant Home Depot failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions, thereby causing injuries, damages and losses to the Plaintiff.

21. As a direct, immediate and proximate result of the Defendant Home Depot's negligent actions and/or omissions, Plaintiff has been damaged.

22. As a direct, immediate and proximate result of the Defendant Home Depot's negligence as stated above, Plaintiff has sustained severe injuries, which said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

23. As a direct, immediate and proximate result of Defendant' Home Depot's negligence, Plaintiff has incurred and will continue to incur medical, therapeutic, hospital, and physician expenses.

24. As a direct, immediate and proximate result of Defendant Home Depot's negligence, Plaintiff has lost the ability to enjoy life as he did before the accident and has lost time.

3

25. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

26. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### **PRAYER FOR RELIEF**

**WHEREFORE**, on account of the matters set forth in the Claims for Relief set forth above, Plaintiff Reese Jordan prays for a judgment in his favor and against Defendant, Home Depot U.S.A., Inc., in an amount which will fully compensate him for his injuries and damages in the past, present and future, including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as he did before the accident, permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

**PLAINTIFF REQUESTS A JURY OF SIX TO HEAR ALL ISSUES IN THIS CASE.**

Respectfully submitted this 20th day of April, 2017.

LEVINE LAW, L.L.C.

*s/ Andrew J. Phillips*
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
*Attorneys for Plaintiff*

Plaintiff's Address:
P.O. Box 150609
Lakewood, Colorado, 80215

4